# N. Y. COMMON PLEAS.

ALEXANDER B. MOTT agt. THE CONSUMERS' ICE COMPANY.

*Discovery — inspection of books and papers.*

The books of a physician and surgeon and the entries contained therein, when made in a private and professional manner, containing information acquired by him in attending patients in a professional character, and which information was necessary to enable him to prescribe for such patients as a physician and to act as a surgeon, *are privileged* (2 *R. S.*, 671, *sec.* 112 [*6th ed.*]),and as such are exempt from an inspection or examination by an adverse party.

A *party* to an action may, at the instance of the *adverse party*, be compelled, by *subpœna duces tecum*, not only to appear at the trial and submit to a personal examination, but to produce books and papers in his possession precisely as any other witness may be so compelled.

*It seems*, that as the defendant in this case had his remedy by *subpœna duces tecum*, he was not entitled to ask the equitable interposition of the court for a discovery and inspection (*Affirming S. C., ante, page* 148).

*General Term, January*, 1877.

*Before* C. P. DALY, *Ch. J.*, ROBINSON *and* LARREMORE, *JJ.*

APPEAL from an order of Mr. justice J. F. DALY, denying a motion for an inspection of all of the books kept by the plaintiff for two years prior to the accident down to the present time.

*Martin & Smith*, attorneys, *A. P. Whitehead & S. Sidney Smith*, of counsel, for defendants, appellants, argued the following points :

I. " The evidence sought to be obtained is material."

The plaintiff, in his amended complaint, claims damages for loss of professional income, averring that prior to the

Mott agt. Consumers' Ice Company.

injury set forth in the complaint his income amounted to a certain sum and that subsequently it became less, and that such loss of income is attributable to the injury.

He also avers that his power of earning income has been lessened by the injury.

Now, the books are material for the purpose of enabling the defendants to show the court and jury that, in point of fact, these averments are false because the books will show the amount of Dr. Mott's professional gains both before and after the injury. The exact time when his gains began to lessen becomes very material.

II. " Such evidence exists in the documents in the possession of the plaintiff."

The petition contains clear and specific allegations of the books in the possession of the plaintiff, their character and their contents; and the plaintiff, by not denying them, admits all these allegations to be true.

III. " The production of the plaintiff's books is indispensably necessary to enable the defendants to substantiate their defense."

It will be observed that it is altogether impossible for the defendants to ascertain from witnesses, or from any outside evidence, the amount of Dr. Mott's professional income; that is a matter which is, of necessity, known only to him personally.

If, upon the trial of the cause, it is left to the plaintiff's testimony only, the defendants will be helpless because the facts as to Dr. Mott's income are known only to him and are exhibited nowhere except in his books of account.

The defendants, therefore, must have recourse to those books of account to enable them to substantiate their defense as to the professional gains of the plaintiff. It is vital.

IV. " The defendants have not under their control or in their possession the means of acquiring the information which they seek to obtain."

The books of Dr. Mott are not under the defendant's con-

Mott agt. Consumers' Ice Company.

trol, nor have they any access to them, and they have no means of acquiring any information as to Dr. Mott's income aside from those books, except from hearsay, and such testimony would be of course inadmissible.

V. In the language of a leading case in this court (*Union Paper Collar Company* agt. *Metropolitan Collar Company*, 3 *Daly*, 171) "facts and circumstances are shown which warrant a presumption that the books or documents sought contain evidence which will prove, or tend to prove, some fact which the party applying has to establish."

Clearly the books of Dr. Mott are not only a guide to the amount of his professional income, but are also the only exact and definite source of information.

VI. The foregoing points are all that are necessary to be established for the purpose of entitling a party to an action to a discovery of the books and papers of his opponent as is decided in many well considered cases (*Union Paper Collar Company* agt. *Metropolitan Collar Co.*, 3 *Daly*, 171 ; *Lefferts* agt. *Brampton*, 24 *How. Prac. Rep.*, 257 ; *Case* agt. *Banta*, 9 *Bosworth*, 595 ; *Gould* agt. *McCarty*, 11 *N. Y.*, 575 ; *Rice* agt. *Ehle*, 55 *N. Y.*, 518 ; *Townsend* agt. *Lawrence*, 9 *Wendell*, 458 ; *Livermore* agt. *St. John*, 4 *Rob.*, 12 ; *Davis* agt. *Dunham*, 13 *How.*, 425 ; *Exchange Bank* agt. *Monteath*, 4 *How.*, 280). For the provisions of the Revised Statutes upon this subject, see 2 New York Statutes at Large (*Edmonds'*, pages 208, 287, secs. 21, 22, 23, 24, 25, 26 and 27); see Code (sec. 388); see Supreme Court Rules, Nos. 17, 18, 19 and 20.

VII. Section 388 of the Code does not repeal the provisions of the Revised Statutes but is auxiliary thereto ; and it is also held that a discovery may be had in other cases than those provided for in these rules (*Gould* agt. *McCarty*, 11 *N. Y.*, 575 ; *Davis* agt. *Dunham*, 13 *How.*, 425).

VIII. The defendants have been diligent. The trial of the action was commenced in June last, and the plaintiff then was allowed by the court to amend his complaint.

Mott agt. Consumers' Ice Company.

This amended complaint was not served until the twenty-ninth of August.

The answer to the complaint was served on the third of October, ultimo.

The defendants have therefore moved with the utmost speed and are not chargeable with laches.

IX. In any view of the case it is plain that the defendants are entitled to a discovery of the check book and cash book.

It cannot be pretended that these books contain any privileged communications.

X. Plaintiff, by way of objection to the application of the defendant, says:

1. That no one but himself understands his books.

The answer to this is that the defendants are not to take his judgment on that point. They have a right to an inspection of the books and to get such information from them as may be possible.

2. That the books contain only partial entries, which entries require a personal explanation.

This is a direct admission of the allegation in the answer to the amended complaint that the books will show, and will tend to show, that the plaintiff's income was not as large as is by him alleged.

As to the necessity for an explanation, that he can make to the jury at the trial.

3. That the entries made in his other books mentioned in the petition are privileged under the statute.

*a.* This is a privilege of which the physician cannot avail himself. It is only a personal privilege to the party (*Allen* agt. *Public Admr.*, 1 *Bradford, p.* 221).

*b.* The allegations of plaintiff's affidavit are too general to be of any benefit to him.

*c.* The statute protects information acquired in attending any patient professionally, " which information was necessary to enable him to prescribe." What we ask is to have leave to inspect the bare record of the number of patients visited

Mott agt. Consumers' Ice Company.

by the doctor, and the number who called upon the doctor and the number and amount of fees received by him.  We do not ask for any thing which the doctor found out on such visits.

· The name of the patient may possibly incidentally become known to the defendants, but the name of the patient is not " information necessary to enable the doctor to prescribe."

The doctor's books will show the date and the amount, and these are not facts nor is this information " acquired by the doctor in a professional character."

The statute only intends to protect disclosures made by patients to a physician, and we ask for no information disclosed in any way (*Kendal* agt. *Gray*, 2 *Hilt.*, 300–302 ; *Hewitt* agt. *Prime*, 21 *Wendell*, 79).

*c.* The petitioners do not desire to obtain any information in regard to any disclosure of the patient, nor as to the diseases for which people were treated.  Such private matters could be withheld from them while inspecting other parts of the books which do not contain such privileged matter (*See Elder* agt. *Exrs. of Bogardus*, 1 *Edmonds' Select Cases*, 110).

4. That defendants ask too much, and therefore can have nothing.

The answer is that if we ask only for books showing the amount of professional gains and the number of professional engagements, that the same are numerous should not be attributed to us as a misfortune.

All the books mentioned are material and all contain material facts, and therefore should be discovered.

5. That it has been held that a discovery should not be allowed to enable a party to rebut an anticipated case of the opposite party.

The learned judge who made the order appealed from cites in his opinion 2 *Wait's Practice*, 531, and cases there cited. It will be found, on examination, that these cases do not sustain the dictum in *Wait*.

One of them is flatly in our favor and holds distinctly that a discovery should be allowed of matter to be used in rebuttal.

The facts of that case are almost precisely similar to the case at bar (*Scott* agt. *Walker*, 2 *Ellis & Blackburn*, 555; 75 *Eng. Com. Law*, 555).

XI. The order of the special term should be reversed and the discovery prayed for should be granted.

*Hatch & Van Allen*, attorneys for plaintiff, respondent, argued the following points:

I. The books containing the entries sought to be inspected are privileged and the defendant has no right to an inspection of them.

" No person duly authorized to practice physic or surgery shall be allowed to disclose any information which he may have acquired in attending any patient in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician or to do any act for him as a surgeon " (3 *R. S.*, 671, sec. 119 [6*th* ed.]; see, also, *Johnson* agt. *Johnson*, 4 *Paige*, 460, 468).

The doctor brings himself right within the very provision of the statute.

II. Defendant shows no interest in the books. The papers sought, as a general rule, must have been relevant to the case of the party calling for them to support his own title, and he must have had an interest in them and they must not have been privileged (*Newkirk* agt. *Willett*, 2 *J. Cas.*, 413; *Dias* agt. *Merle*, 2 *Paige*, 494; *Van Kleeck* agt. *R. D. Church*, 6 *id.*, 600).

III. The application is too general. Neither in law nor in equity has a party a right to make a general search and examination for evidence among the private books and papers of his adversary (*Brevoort* agt. *Warner*, 8 *How.*, 323).

" He cannot be subjected to a fishing examination or investigation with a view to ascertain the fact whether he has or has not books, papers or documents which may contain evidence relating to the merits of the action or of the defense,

unless he is examined as a witness so that his deposition may be made evidence as well for as against him" (*Hoyt* agt. *American Exchange Bank,* 8 *How.*, 89, 92).

IV. It was discretionary, with the court below to grant or deny the motion, and he having passed upon it should be upheld (*Boone* agt. *Cribb,* 20 *Wend.*, 682).

It is not enough that the party believes, or is advised, that the paper contains material evidence. Facts must be shown to support such belief (*Morrison* agt. *Sturgess,* 26 *How.*, 177).

Where, on an application for an order for the discovery of books and papers, the entries sought for are not shown to be evidence but only to contain information by which evidence may be obtained, the order cannot be granted (*Wood* agt. *Figaniere,* 25 *How.*, 522).

It has been the rule, both in equity, formerly (*McIntyre* agt. *Mancius,* 3 *J. C. R.*, 45; 16 *J. R.*, 592; *Lane* agt. *Stebbins,* 9 *Paige's R.*, 622), and since the adoption of the Revised Statutes and the Code (*McAllister* agt. *Pond,* 15 *How.*, 299; *Wilkie* agt. *Moore,* 17 *How.*, 480; *People* agt. *Rector of Trinity Church,* 6 *Abb.*, 177; *Cassard* agt. *Hinmann,* 6 *Duer,* 519), that the allegation by the party that he believes the writings contain evidence, is immaterial unless their character is so defined as to enable the court to determine that they do.

It is a general rule that neither party to an action is entitled to search the other party's papers to enable him to rebut the anticipated case of the other party (*Meakings* agt, *Cromwell,* 1 *Sandf.*, 698; see, also, opinion of his honor, JOSEPH F. DALY, *in this case, ante, p.* 148).

This is not a case to which the rule governing inspections applies, we come right within the statute exempting us therefrom.

The order appealed from should be affirmed, with costs.

THE COURT affirmed the order made by J. F. DALY denying the motion for an inspection of plaintiff's books. Affirmed on the argument. No opinion (*See S. C., ante, p.* 148).